IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

ALLISON JEAN PARKER                                                                                       PLAINTIFF

VS.                                                         CIVIL ACTION NO. 1:17cv00183-SA-JMV

NANCY A. BERRYHILL,
DEPUTY COMMISSIONR
FOR OPERATIONS, performing the duties
and functions not reserved to the Commissioner
of Social Security                                                                                         DEFENDANT

## **REPORT AND RECOMMENDATIONS**

Before the Court is Defendant's unopposed motion [16] to reverse and remand this Social Security case for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g) and *Melkonyan v. Sullivan*, 501 U.S. 89 (1991). The undersigned has reviewed the motion, the record, and the applicable law and recommends the motion be granted for the reasons set out below.

This case involves a complaint filed pursuant to 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner of Social Security, denying the plaintiff's applications for Disability Insurance Benefits (DIB) under Title II of the Social Security Act (the Act), 42 U.S.C. §§ 416(i) and 423, and Supplemental Security Income (SSI) benefits under Title XVI of the Act, 42 U.S.C. § 1382c(a)(3)(A). Defendant seeks reversal and remand for an ALJ to reconsider the opinions of Brian Thomas, Psy.D., and Billy Walton, D.O., and re-evaluate Plaintiff's residual functional capacity (RFC). *See Kneeland v. Berryhill*, 850 F.3d 749, 758-759 (5th Cir. 2017) (ALJ erred in rejecting an examining physician's opinion without explanation); *Loza v. Apfel*, 219 F.3d 378, 395 (5th Cir. 2000) ("The ALJ cannot reject a

medical opinion without an explanation"); 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2) (2012) (requiring ALJs to provide good reasons for the weight given to a medical opinion). In addition, Defendant seeks remand in order that the ALJ may comply with HALLEX I-2-6-74 and address Exhibit B20E, which contains six extensive objections to the vocational expert's testimony. *See* HALLEX I-2-6-74, 1993 WL 751902 (last updated June 16, 2016) (the ALJ must rule on any objections to the vocational expert's testimony on the record during the hearing, in narrative form as a separate exhibit, or in the body of his decision). Plaintiff raised these issues in her memorandum brief [15] filed pursuant to a scheduling Order [13] issued by the undersigned on January 25, 2018.

Authority for this request is found in 42 U.S.C. § 405(g), which permits remand of a case to the Commissioner for further administrative action. In *Melkonyan*, the Supreme Court clearly indicated that 42 U.S.C. § 405(g) permits only two types of remand orders. *See Melkonyan*, 501 U.S. at 97-103. Sentence four of § 405(g) authorizes a district court to enter "a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for rehearing." *Id.* at 98 (quoting 42 U.S.C. § 405(g)). Sentence four of § 405(g) further states that a court may enter a remand order upon the pleadings and transcript of record. *See id.* Under sentence six, the court may remand an action before the Commissioner files an answer or for the consideration of additional evidence upon a showing that there is good cause for failing to incorporate the additional evidence into a prior proceeding. *See Melkonyan*, 501 U.S. at 97.

A reversal with remand for further administrative proceedings, as requested in this action, falls under sentence four of U.S.C. § 405(g). *See Shalala v. Schaefer*, 509 U.S. 292 (1993); *see also Sullivan v. Finklestein*, 496 U.S. 617, 625-626 (1990) (sentence four provides

the appropriate relief when the evidence on the record is insufficient to support the Commissioner's conclusions and further fact finding is necessary). The fourth sentence of 42 U.S.C. § 405(g) requires entry of a judgment that ends this action. *See Schaefer*, 509 U.S. at 298-299.

The undersigned has given due consideration to the motion and the record of this case and, because there is no objection by Plaintiff, recommends that Defendant's motion be granted and that this court enter a judgment that reverses and remands this case for further proceedings as requested by Defendant.

The parties are referred to 28 U.S.C. §636(b)(1)(B) and Fed. R. Civ. P. 72(b) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within fourteen (14) days of this date. Failure to timely file written objections to the proposed findings, conclusions and recommendations contained in this report will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Respectfully submitted this, the 16th day of April, 2018.

/s/ Jane M. Virden
UNITED STATES MAGISTRATE JUDGE

3